**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Paul S. Klein,<br><br>     Plaintiff<br><br>v.<br><br>B. Stroud, et al.,<br><br>     Defendants | 2:16-cv-00637-JAD-VCF<br><br>**Order Screening Complaint, Staying Case for 90 days, and Denying Motions for Temporary Restraining Order and Preliminary Injunction**<br><br>[ECF Nos. 7, 8] |

Nevada state-prison inmate Paul S. Klein sues multiple defendants under 42 U.S.C. § 1983 for events that allegedly occurred while he was incarcerated at the High Desert State Prison.[1] Klein has also submitted an application to proceed *in forma pauperis*,[2] and he moves for a temporary restraining order[3] and a preliminary injunction.[4] I temporarily defer the matter of the filing fee, screen Klein's complaint, allow his claims to proceed, deny his motions for injunctive relief, and stay this case for 90 days to allow the parties a chance to settle their dispute.

**Discussion**

**A.   Screening standard**

The Prison Litigation Reform Act directs federal courts to conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or an employee of a governmental entity.[5] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek

---

[1] ECF No. 1.

[2] ECF No. 5.

[3] ECF No. 7.

[4] ECF No. 8.

[5] *See* 28 U.S.C. § 1915(a).

1

monetary relief from a defendant who is immune from that relief.[6] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law.[7]

Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint. Pro se pleadings are liberally construed.[8] And when a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions for curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.[9]

**B.     Screening Klein's complaint**

Klein sues multiple defendants for events that allegedly occurred while he was incarcerated at the High Desert State Prison (HDSP): Warden Bruce Stroud; Associate Wardens Howell and Nash; Correction Officers (COs) Estill, Hesler, Lozano, Robertson, Norman, Werlinger, and Ames; Correctional Lieutenants Provencal and Adams, Correctional Sergeant Jay Barth; Nurses Wickham and Murphy; and Dr. Aranas.[10] Klein asserts six counts and seeks monetary damages and injunctive and declaratory relief.

**C.     Counts I–V**

Klein alleges that, on November 28, 2015, defendants Barth, Stroud, and Nash ordered COs Estill, Hesler, Werlinger, Robertson, and Norman to conduct a search of all Unit 1A porter cells,

---

[6] *See* 28 U.S.C. § 1915A(b)(1)(2).

[7] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[8] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[9] *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

[10] ECF No. 1 at 2–6.

purportedly to locate "pruno," or prison wine.[11]  According to Klein, COs Norman and Werlinger fabricated the pruno allegation in retaliation for Klein's grievances complaining about the unsanitary living conditions at the HDSP so that Klein would be fired from his unit porter job and be denied parole based on the infraction.[12]

During the search, COs Estill, Hesler, Werlinger, and Norman took homosexual pictures and publications from Klein's cell and openly displayed them on Klein's bed so that the other inmates would see the materials.[13]  Defendants intended to cause Klein a potential problem with his cell mate, a Mexican gang member who is not homosexual.[14]  As a result, Klein filed a Prison Rape Elimination Act complaint against these defendants.[15]

Two days after the search, CO Estill wrote a notice of charges against Klein.  Correctional Officer Estill did not file charges against any of the other porters,[16] and prison administrative regulations require the written notice of charges to be filed on the date of the alleged violation.[17]  On December 1, 2015, CO Lozano held a preliminary hearing without giving Klein a copy of the written notice of charges against him.[18]  CO Lozano had attempted to orally relay the charges to Klein, but Klein told him that he could not conduct the hearing without first providing him with a written notice of charges.[19]  CO Lozano responded that his supervisor, Lt. Provencal, had authorized him to

---

[11] *Id.* at 6, 44.

[12] *Id.* at 6–7.

[13] *Id.* at 31–32.

[14] *Id.* at 32.

[15] *Id.*

[16] *Id.* at 20.

[17] *Id.* at 7.

[18] *Id.* at 14.

[19] *Id.*

3

conduct the hearing without first providing written notice.[20]  At the hearing, CO Lozano told Klein that "[CO] Norman got you and this was the only way he could get you fired without it looking like he retaliated for your complaints and grievances over the unit not being cleaned."[21]  Klein was fired from his job as a unit porter.  After the preliminary hearing but before the disciplinary hearing, Klein wrote a letter to Warden Stroud informing him that Klein had not received written notice of the charges against him.  Stroud did not respond.[22]

When Klein attempted to access his cell to retrieve documents necessary to defend himself at his disciplinary hearing, CO Norman threatened to put him in the hole.[23]  At the disciplinary hearing, Klein told Correctional Sgt. Barth that he had never been served with a notice of charges;[24] Barth responded, "who cares because you know you broke the rules."[25]  Sergeant Barth did not serve Klein with a notice of charges until after the disciplinary hearing, and he found Klein guilty of violating an unspecified rule.[26]

Klein alleges that the cell search and resultant disciplinary proceedings were all in retaliation for his grievances complaining about the "dangerous, unsafe, unsanitary, . . . nasty environmental housing areas."[27]  And he indicates that all of the defendants, including Wardens Nash and Stroud participated in the alleged retaliation and were aware of their subordinates' actions.  Additionally, Klein had spoken to Wardens Stroud, Neven, and Howell about the unhealthy living conditions at

---

[20] *Id.*

[21] *Id.*

[22] *Id.* at 21.

[23] *Id.* at 8, 35.

[24] *Id.* at 8.

[25] *Id.* at 9.

[26] *Id.* at 26.

[27] *Id.* at 24.

inmate-advisory-committee meetings[28] and he wrote to Warden Stroud to complain that he had not received written notice of the charges against him.[29] Counts one through five are most accurately construed as two separate claims for retaliation and due-process violations.

### 1. *Klein's retaliation claim may proceed.*

Prisoners have a First Amendment right to file prison grievances and to pursue civil rights litigation in the courts.[30] To state a viable First Amendment retaliation claim in the prison context, a plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."[31]

Klein states a colorable retaliation claim. He alleges that he filed multiple grievances against prison officials in which he complained about the sanitary conditions in his unit and that, in retaliation for these grievances, the defendants fabricated allegations to search his cell and then instituted sham disciplinary proceedings against him so that he would lose his job as a unit porter and be denied parole. He also sufficiently alleges personal participation by the supervisor defendants because he alleges that they either directed the alleged violations or knew about them and did nothing to prevent them. Klein's retaliation claim may proceed against defendants Barth, Stroud, Nash, Estill, Hesler, Werlinger, Robertson, Norman, Lozano, Provencal, Neven, and Howell.

### 2. *Klein's due-process claim may proceed.*

A prisoner is entitled to procedural due-process protections only when a prison disciplinary action "implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical

---

[28] *Id.* at 42–43.

[29] *Id.* at 21.

[30] *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2004).

[31] *Id.* at 567–68.

5

and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"[32] Courts look to three guideposts to determine whether a prison hardship is atypical and significant: (1) whether the challenged condition "mirror[s] those conditions imposed upon inmates in administrative segregation and protective custody;" (2) the duration of the condition, and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence.[33]

When a protected liberty interest exists and a prisoner faces disciplinary charges, prison officials must provide the prisoner with (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate.[34]

Though a prisoner does not have a protected property or liberty interest in prison employment,[35] Klein alleges that, in addition to losing his job as a result of the disciplinary proceedings against him, his parole eligibility will be negatively impacted. Because it appears that the state's action may affect the duration of Klein's sentence, he has alleged a protected liberty interest for which he is entitled to procedural due-process protections.

Klein has also alleged violations of these protections: he did not receive written notice of the charges against him and he did not have the opportunity to present documentary evidence to refute the charges. When he attempted to return to his cell to retrieve these materials, he was threatened with confinement in the hole. Klein also alleges that he was never informed of the precise charges he was found guilty of. Finally, he alleges sufficient supervisory involvement because he claims that he wrote to Warden Stroud to complain about the alleged due-process violations and that Stroud did

---

[32] *Serrano v. Francis*, 345 F.3d. 1071, 1078 (9th Cir. 2003).

[33] *Sandin v. Conner*, 515 U.S. 472, 486–87 (1995).

[34] *See Wolff v. McDonnell*, 418 U.S. 539, 563–70 (1974).

[35] *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004).

nothing to stop them and that Lt. Provencal directed and ratified the violations. I therefore find that Klein states a colorable due-process claim, and this claim will proceed against defendants Estill, Lozano, Barth, Norman, Stroud, and Provencal.

**D.     Count six may proceed.**

Count six is a claim for deliberate indifference to serious medical needs against Dr. Aranas, Nurse Murphy, CO Ames, Lt. Adams, and Wardens Neven, Stroud, and Nash.[36] Klein alleges that he discovered that his medical records had been destroyed after an unknown inmate mailed Klein several pages of his medical records that he had found in an open trash bin by the Northern Nevada Correctional Center's medical building. Klein investigated and discovered that all of his medical records from 1990 through 2009 had been destroyed by an unknown party who had thrown his records into an open trash bin.[37]

Defendants Aranas, Nash, Murphy, Ames, Howell, Wickham, and Adams refuse to recreate Klein's medical records or provide him any medical tests despite his repeated requests.[38] Prison officials have started removing Klein's health restrictions/classifications because there are no longer documents in Klein's file to support them.[39] For example, prison officials have stopped treating Klein for his breathing, heart, and nerve problems and have removed the flat-yard restriction and no-meat-medical-diet restriction from Klein's file.[40] This failure to treat has resulted in dizzy spells, panic attacks, and a loss of strength.[41]

---

[36] ECF No. 1 at 54.

[37] *Id.* at 55.

[38] *Id.* at 10, 59.

[39] *Id.* at 11.

[40] *Id.* at 11–12, 57–59.

[41] *Id.* at 58.

The failure to provide medical treatment to a prison inmate violates the Constitution when (1) he has a "serious medical need" and (2) prison officials are "deliberately indifferent" to it.[42] A medical need is serious when, viewed objectively, the failure to treat it "could result in further significant injury or the unnecessary and wanton infliction of pain."[43]

Klein states a colorable claim for deliberate indifference to his serious medical needs. He alleges that he has lost medical restrictions and classifications because there are no longer any medical records to support them. As a result, prison officials are purposefully failing to treat his chronic conditions and long-standing medical diagnoses based on the lack of medical records that they have lost or destroyed, and Klein has suffered further injury and unnecessary pain. Accordingly, count six will proceed against defendants Aranas, Nash, Murphy, Ames, Howell, Wickham, Adams, Neven, and Stroud.

**E.     Motions for preliminary injunctive relief**

In his motions for a temporary restraining order and a preliminary injunction, Klein seeks a mandatory injunction directing prison officials to serve inmates with notice of charges before disciplinary hearings. Injunctive relief is an "extraordinary remedy, never awarded as of right."[44] "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[45]

Klein's motions for injunctive relief are denied because he has not shown that he is likely to suffer irreparable harm without relief. Klein's disciplinary hearing has already concluded, and he does not allege that he has a pending hearing for which he has not been provided written notice of the charges. Accordingly, Klein's motions are denied.

---

[42] *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

[43] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citations omitted).

[44] *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008).

[45] *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that a decision on Klein's application to proceed *in forma pauperis* **[ECF No. 6] is deferred, and the Clerk of Court is instructed to FILE the complaint [ECF No. 1].**

IT IS FURTHER ORDERED that **Klein's retaliation claim will proceed against defendants Barth, Stroud, Nash, Estill, Hesler, Werlinger, Robertson, Norman, Lozano, Provencal, Neven, and Howell;**

**Klein's due-process claim will proceed against defendants Estill, Lozano, Barth, Norman, Stroud, and Provencal; and**

**Klein's deliberate-indifference-to-serious-medical-needs claim will proceed against defendants Aranas, Nash, Murphy, Ames, Howell, Wickham, Adams, Neven, and Stoud.**

IT IS FURTHER ORDERED that **Klein's motion for a temporary restraining order [ECF No. 7] and motion for preliminary injunction [ECF No. 8] are DENIED.**

IT IS FURTHER ORDERED that **this action is STAYED until January 5, 2017, to allow the parties an opportunity to settle their dispute** before an answer is filed or the discovery process begins. During this 90-day stay period, no other pleadings or papers may be filed in this case, and the parties may not engage in any discovery. The court will **refer this case to the Inmate Early Mediation Program**, and the court will enter a subsequent order. On or before **January 5, 2017**, the Office of the Attorney General must file the report form attached to this order reporting the results of the 90-day stay, even if a stipulation for dismissal is entered before the end of the 90-day stay. If the parties proceed with this action, the court will then issue an order setting a date for defendants to file an answer or other response. Following the filing of an answer, the court will issue a scheduling order setting discovery and dispositive-motion deadlines.

"Settlement" may or may not include payment of money damages. It also may or may not include an agreement to resolve plaintiff's issues differently. A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

IT IS FURTHER ORDERED that, if any party seeks to have this case excluded from the

inmate mediation program, that party must file a "motion to exclude case from mediation" by **October 26, 2016**. The responding party will then have seven days to file a response. No reply may be filed. The court will then issue an order, set the matter for hearing, or both.

**The Clerk of the Court is directed to electronically SERVE a copy of this order and a copy of Klein's complaint [ECF No. 1] on the Office of the Attorney General of the State of Nevada, attention Kat Howe.**

IT IS FURTHER ORDERED that **the Attorney General's Office must advise the court by October 26, 2016, whether it will enter a limited notice of appearance on behalf of defendants** for the purpose of settlement. No defenses or objections, including lack of service, will be waived as a result of the filing of the limited notice of appearance.

Dated this 5th day of October

_____
Jennifer A. Dorsey
United States District Judge

|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF NEVADA |  |
| Paul S. Klein,<br><br>    Plaintiff<br><br>v.<br><br>B. Stroud, et al.,<br><br>    Defendants | 2:16-cv-00637-JAD-VCF<br><br>**Attorney General's Report of Results of 90-Day Stay** |

**NOTE: ONLY THE OFFICE OF THE ATTORNEY GENERAL WILL FILE THIS FORM. THE INMATE PLAINTIFF WILL NOT FILE THIS FORM.**

On October 5, 2016, I issued a screening order under 28 U.S.C. § 1915A permitting several of Gant's claims to proceed. I also ordered the Office of the Attorney General of the State of Nevada to file a status report by January 5, 2017. By filing this form, the Office of the Attorney General complies.

**REPORT FORM**

[Identify which of the following two situations (identified in bold type) describes the case, and follow the instructions corresponding to the proper statement.]

**Situation One: Mediated Case: The case was assigned to mediation by a court-appointed mediator during the 90-day stay.** [If this statement is accurate, check **ONE** of the six statements below and fill in any additional information as required, then proceed to the signature block.]

   ____   A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have reached a settlement (*even if paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in the case until a specified date upon which they will file a stipulation of dismissal.*)

   ____   A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

\_\_\_\_  No mediation session with a court-appointed mediator was held during the 90-day stay, but the parties have nevertheless settled the case.  *(If this box is checked, the parties are on notice that they must SEPARATELY file a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.)*

\_\_\_\_  No mediation session with a court-appointed mediator was held during the 90-day stay, but one is currently scheduled for _____ [*enter date*].

\_\_\_\_  No mediation session with a court-appointed mediator was held during the 90-day stay, and as of this date, no date certain has been scheduled for such a session.

\_\_\_\_  None of the above five statements describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

* * * * *

**Situation Two: Informal Settlement Discussions Case: The case was NOT assigned to mediation with a court-appointed mediator during the 90-day stay; rather, the parties were encouraged to engage in informal settlement negotiations**. [If this statement is accurate, check **ONE** of the four statements below and fill in any additional information as required, then proceed to the signature block.]

\_\_\_\_  The parties engaged in settlement discussions and as of this date, the parties have reached a settlement (*even if the paperwork to memorialize the settlement remains to be completed*).  (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.)*

\_\_\_\_  The parties engaged in settlement discussions and as of this date, the parties have not reached a settlement.  The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

\_\_\_\_  The parties have not engaged in settlement discussions and as of this date, the parties have not reached a settlement.  The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

\_\_\_\_  None of the above three statements fully describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

Submitted this _____ day of _____, _____ by:

Attorney Name: _____     _____
                              Print                                                                         Signature

Address:   _____     Phone: _____

             _____     Email: _____